UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ELI'S GENERAL CONTRACTING LLC,<br>    Plaintiff, | Case No. 1:24-cv-90<br>McFarland, J.<br>Litkovitz, M.J. |
|         v. | |
| NEXT INSURANCE US COMPANY,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on plaintiff's motion to remand this action to state court (Doc. 7). Defendant opposed plaintiff's motion (Doc. 9), and plaintiff filed a reply memorandum (Doc. 10). For the reasons set forth below, plaintiff's motion should be granted.

**I. Background**

Plaintiff initiated this action in the Court of Common Pleas in Hamilton County, Ohio, alleging claims arising from an insurance policy plaintiff Eli's General Contracting, LLC ("Eli's") purchased from defendant Next Insurance US Company ("Next Insurance"). (Doc. 1-3). In that complaint, Eli's alleged that it "has been damaged in an amount exceeding $25,000 but not exceeding $75,000." (*Id.* at PAGEID 92). Eli's sought damages, punitive damages, pre- and post-judgment interest, and attorneys' fee and costs. (*Id.* at PAGEID 92-3).

Next Insurance removed the case to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1). Eli's filed an "unequivocal and binding" stipulation that it will neither seek nor accept cumulative damages in excess of $75,000 (Doc. 6) and moved to remand this matter to state court because the amount in controversy does not exceed $75,000, as required by 28 U.S.C. § 1332. (Doc. 7).

## II. Law and Analysis

If a defendant removes an action filed in state court to federal court under 28 U.S.C. § 1441(a), "the federal court has jurisdiction only if it would have had original jurisdiction over the action." *Total Quality Logistics, LLC v. Summit Logistics Group, LLC*, 606 F. Supp. 3d 743, 747 (S.D. Ohio 2022). Pursuant to 28 U.S.C. § 1332(a), a federal court has original jurisdiction in diversity of citizenship cases only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Courts strictly construe the removal statute, and "resolve doubts in favor of remand." *Total Quality Logistics, LLC v. James*, 630 F. Supp. 3d 902, 904 (2022). *See also Summit Logistics*, 606 F. Supp. 3d at 747. Defendants seeking removal bear the burden of establishing by a preponderance of the evidence that the federal court has original jurisdiction. *James*, 630 F. Supp. 3d at 904-05.

"As a general rule, a plaintiff is the master of his or her own complaint, so a plaintiff wishing to avoid removal can sue in state court for less than the jurisdictional amount, thereby preventing removal even if the parties are diverse." *Summit Logistics*, 606 F. Supp. 3d at 748 (citing *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019)). However, in some states—including Ohio—plaintiffs can recover more in damages than alleged in their complaint. *Id.* Therefore, Ohio state court defendants may remove an action to federal court even though the complaint states that plaintiff seeks no more than $75,000. *Id.*

In an effort to avoid removal, Ohio plaintiffs sometimes stipulate to amounts in controversy below the jurisdictional minimum. *Id.*; *James*, 630 F. Supp. 3d at 905. While a plaintiff may employ such a stipulation to clarify the amount at issue, it may not reduce its demand to avoid federal jurisdiction. *James*, 630 F. Supp. 3d at 905. "The difference between a

2

reduction and a clarification matters because courts evaluate jurisdiction at the time of removal."

*Id.* As the District Judge in this case recently explained:

> If, in state court, a plaintiff had been seeking more than the federal jurisdictional amount, but reduced that demand after removal, such a stipulated reduction would not deprive the federal court of jurisdiction. [*Total Quality Logistics, LLC v.*] *Franklin*, [No. 1:19-cv-266], 2020 WL 5051418, at *4 [(S.D. Ohio Aug. 27, 2020)]. But if a plaintiff *clarifies* by a post-removal stipulation that it never intended to seek an amount exceeding the jurisdictional threshold, then there was no basis for federal jurisdiction in the first place. *Id.*
>
> District courts throughout the Sixth Circuit, including this court, have remanded matters based on such stipulations. . . . So long as the stipulation below the threshold amount is unequivocal, binding, and the first time the party has clarified the amount in controversy, that stipulation will deprive the federal court of subject matter jurisdiction. *Summit Logistics*, 606 F. Supp. 3d at 746-47.

*James*, 630 F. Supp. 3d at 905.

In this case, the parties do not dispute that their citizenship is diverse. The issue, then, is whether the amount in controversy equals or exceeds $75,000, as required by 28 U.S.C. § 1332(a). In its complaint, Eli's alleged that it "has been damaged in an amount exceeding $25,000 but not exceeding $75,000." (Doc. 1-3 at PAGEID 92). In addition, Eli's filed a post-removal stipulation to an amount less than $75,000. (Doc. 6). To constitute a clarification that deprives the federal court of subject matter jurisdiction, then, Eli's stipulation must be "unequivocal, binding, and the first time the party has clarified the amount in controversy." *James*, 630 F. Supp. 3d at 905.

The stipulation provides that "Eli's hereby stipulates that the relief it seeks or will accept against Defendant Next Insurance US Company ("Next Insurance") is limited to judgment in a cumulative amount that is less than $75,000.00, inclusive of compensatory damages, punitive damages, attorneys' fees, and the fair value of any injunctive relief." (Doc. 6 at PAGEID 275). It further provides that it "is unequivocal and binding on Eli's, and this Stipulation may be used

3

in Court to limit the amount of any award to Eli's, such that it will not recover in excess of $75,000 from Next Insurance." (*Id.* at PAGEID 276).

The plain language of the stipulation indicates that it is binding and unequivocal. In addition, Eli's contends that its stipulation is the first binding statement on its damages so it simply clarifies the amount in controversy. (Doc. 7 at PAGEID 283).

In an attempt to avoid remand, Next Insurance contends it received an itemized list of damages totaling $81,577.04 which constitutes Eli's first statement of the amount in controversy. Therefore, according to Next Insurance, Eli's stipulation is a reduction rather than a clarification, and this Court has subject matter jurisdiction. In support of its argument, Next Insurance submitted a pre-litigation email in which Eli's damages were itemized to total $81,577.04 but included a "discounted" settlement demand of $50,000. (Doc. 1-4 at PAGEID 174). There are several problems with Next Insurance's contention.

First, the email in question originates from counsel not involved in this litigation whom Eli's identifies as "the property owner's insurance carrier's counsel." (Doc. 10 at PAGEID 297). Therefore, it does not establish Eli's claim to damages.

Second, the email itself seeks to settle the claim for $50,000. (Doc. 1-4 at PAGEID 174). Thus, it fails to establish by a preponderance of the evidence that the amount in controversy equals or exceeds the jurisdictional minimum.

Third, the emailed list was provided more than a month before Eli's filed its complaint in an attempt to reach a settlement without litigation. Eli's then filed its complaint in state court demanding more than $25,000 but less than $75,000 in damages, as well as punitive damages, interest, fees and costs. (Doc. 1-3 at PAGEID 93). Thus, the amount in controversy at the time of removal was uncertain at best.

Where the amount in controversy at the time of removal may or may not exceed the jurisdictional minimum, the first *post-removal* stipulation (as long as it is binding and unequivocal) clarifies the amount in controversy. *Summit Logistics*, 606 F. Supp. 3d at 751. Therefore, Next Insurance has failed to show by a preponderance of the evidence that the amount-in-controversy requirement contained in 28 U.S.C. § 1332(a) has been satisfied.

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's motion to remand (Doc. 7) be granted and this matter be remanded to the Court of Common Pleas in Hamilton County, Ohio.

Date: 5/8/2024

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ELI'S GENERAL CONTRACTING LLC,<br>    Plaintiff, | Case No. 1:24-cv-90<br>McFarland, J.<br>Litkovitz, M.J. |
|     v. | |
| NEXT INSURANCE US COMPANY,<br>    Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).