IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ELI'S GENERAL CONTRACTING, LLC, | : | Case No. 1:24-cv-90 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| | : | |
| NEXT INSURANCE US COMPANY, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 11)**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Karen L. Litkovitz (Doc. 11), to whom this case is referred pursuant to 28 U.S.C. § 636(b). Defendant objected to the Report. (*See* Objections, Doc. 13.) Plaintiff responded to Defendant's objections, (Response, Doc. 14) to which Defendant replied, (Reply, Doc. 15). Thus, the matter is ripe for the Court's review.

In the Report, the Magistrate Judge recommends that this case be remanded to state court because the Court lacked jurisdiction over this case. (*See* Report, Doc. 11.) Specifically, the Magistrate Judge found that the Court lacked diversity jurisdiction because the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332. (*See id.*) In reaching this conclusion, the Magistrate Judge relied on Plaintiff's stipulation that it would "neither seek nor accept cumulative damages in excess of $75,000." (Report, Doc. 11, Pg. ID 300; *see also* Stipulation, Doc. 6.)

Defendant objects to the Report, first arguing that Plaintiff's damages were

immediately quantifiable at $81,577.04 when Defendant removed the case. (Objections, Doc. 13, Pg. ID 313-14.) According to Defendant, this amount reflected the cost to repair the damage Plaintiff caused to a property it was renovating. (*Id.*) But, this is not enough to find jurisdiction. After all, "[i]n determining the amount in controversy, the plaintiff is the 'master of [its] complaint.'" *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007). And, a plaintiff may avoid trying his case in federal court by suing for less than the jurisdictional amount, despite being entitled to more. *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 606 F. Supp. 3d 743, 748 (S.D. Ohio 2022). Accordingly, the Court need not deem the $81,577.04 repair total as the amount in controversy. *See id.* Thus, Defendant's first objection is not well taken.

Defendant next objects to the Report, arguing that Ohio's provisions for punitive damages places Plaintiff's damages well over $75,000. (Objections, Doc. 13, Pg. ID 314-15.) Indeed, Plaintiff seeks punitive damages, (*see* Compl., Doc. 3, Pg. ID 193), and courts must consider punitive damages in their remand analyses. *See Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019). That said, the party opposing remand must establish by a preponderance of the evidence that punitive damages exceed the jurisdictional threshold. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001). A party cannot show this by simply highlighting the mere possibility that a plaintiff may receive punitive damages on top of unspecified compensatory damages. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006). "A conclusion to the contrary would extend federal jurisdiction to every case in which a plaintiff seeks punitive damages from a diverse defendant and undermine the fundamental nature of

2

federal courts as courts of limited jurisdiction." *Bower v. Am. Cas. Co.*, No. 99-4102, 2001 U.S. App. LEXIS 18053, at *10-11 (6th Cir. Aug. 6, 2001). As Defendant has not shown by a preponderance of the evidence that the punitive damages here will exceed the jurisdictional threshold, Defendant's objection is not well taken.

Finally, Defendant objects to Report, arguing that Plaintiff's stipulation of damages is simply Plaintiff's attempt to reduce damages to avoid the federal forum. (Objections, Doc. 13, Pg. ID 314.) This objection is similarly not well taken. A Plaintiff can stipulate to an amount in controversy below the jurisdictional limit after its case is removed to federal court. *See Total Quality Logistics, LLC v. James*, 630 F. Supp. 3d 902, 905 (S.D. Ohio 2022). "A plaintiff may not reduce or change its demand by stipulation in response to removal, just to avoid federal jurisdiction." *Id.* (citation omitted). "But the plaintiff may clarify the amount at issue by stipulation." *Id.* As discussed above and as the Magistrate Judge noted, the amount in controversy at the time of removal was uncertain. (*See* Report, Doc. 11, Pg. ID 303.) But, Plaintiff clarified the amount at issue through its stipulation. (*Id.* at Pg. ID 304; Stipulation, Doc. 6.) The stipulation limited damages to not exceed $75,000, thus removing the Court's jurisdiction over this case. *See Total Quality Logistics, LLC*, 630 F. Supp. 3d at 905. So, Defendant's final objection is not well taken.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of this record. Upon review, the Court finds that Plaintiff's Objections (Doc. 13) are not well-taken and are accordingly **OVERRULED**. Thus, the Court **ADOPTS** Magistrate Judge Litkovitz's Report and Recommendation

3

(Doc. 11) in its entirety and **ORDERS** the following:

1. Plaintiff's Motion to Remand (Doc. 7) is **GRANTED**;

2. This matter is **REMANDED** to the Court of Common Pleas of Hamilton County, Ohio; and

3. This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND